## SURVEYORS, INC.*
*vs.*
## BERGER BROTHERS CO.

Superior Court    New Haven County    File No. 60078

### MEMORANDUM FILED APRIL 8, 1941.

*Curtis, Brinckerhoff & Barrett,* of Stamford, for the Plaintiff.

*Wiggin & Dana,* of New Haven, specially for the Defendant.

McEVOY, J.   This action was brought to this court by a New York corporation to recover for services alleged to have been rendered by the plaintiff to the defendant in Connecticut in analyzing the defendant's insurance requirements.

The defendant pleaded in abatement.   The main allegation of this plea was that the plaintiff was a foreign corporation doing business in Connecticut without having complied with the pertinent Connecticut statute and that, therefore, our Superior Court had no jurisdiction to adjudicate the issues.

Issues of fact were closed upon the plea in abatement.

Upon hearing of those issues this court found that the conduct of the plaintiff did not constitute "transaction of business

* *See, also, Surveyors, Inc. vs. Berger Bros. Co., ante,* p. 175.

in this state" within the purview of the regulating and prohibiting statutes of this State; the issues were found in favor of the plaintiff and the plea was overruled.

Thereafter, the defendant filed a paper entitled "ANSWER TO THE SUBSTITUTED COMPLAINT BY THE DEFENDANT, APPEARING SPECIALLY."

This paper contained these preliminary words: "The defendant herein not waiving but expressly reserving all its objections to the jurisdiction, and appearing specially herein, hereby after the overruling of its Plea in Abatement by the court answers as follows:"

This paper was signed, on behalf of the defendant, by its attorneys "Appearing Specially." On the cover of this paper the title was "ANSWER TO THE SUBSTITUTED COMPLAINT BY THE DEFENDANT, APPEARING SPECIALLY." Thereafter, the plaintiff filed a paper entitled "MOTION FOR JUDGMENT BY DEFAULT."

This motion contains five paragraphs and the last one reads as follows: "5. The defendant, although it was then required to appear and answer the complaint has failed to do so."

Upon argument of the claimed motion for default it became apparent that the plaintiff's real claim was, not that the defendant did not answer, but, rather, because of the qualifying words "Appearing Specially" the allegations of the paper do not constitute an answer and that, before the defendant may file an answer, it must enter generally and sign its answer generally and not specially.

This issue is not precisely presented in the motion for default which is now on file.

It is the apparent intention of the parties that this issue be presented, impliedly at least, and the parties desire to have the court adjudicate the matter.

It should be observed that the defendant has followed the procedure and form originated by the defendant in *Coyne vs. Plume,* 90 Conn. 293, where in the Supreme Court record at small page 20 and large page 199 each of the defendants filed a preliminary statement substantially as follows: "This defendant being compelled to make answer, and without hereby admitting the jurisdiction of the court or waiving any claims to its want of jurisdiction, answers as follows: . . . ."

The Supreme Court decision does not show that the point was raised in the *Coyne vs. Plume* case which is raised here— that is, that the special appearance should have been withdrawn and a general appearance entered but this was said: "It would be unjust to make their [defendants'] right of appeal for want of jurisdiction, conditioned upon their submission to a judgment by default, when they had done all they could to protect their rights. The rule differs in different jurisdictions. In some the rule adopted by the trial court prevails; in the great majority it is held that one who after the overruling of his plea to the jurisdiction pleads under protest to the merits, under penalty of default, cannot be said to act voluntarily and does not waive his right to thereafter contest the jurisdiction. And this rule we adopt." *Coyne vs. Plume, supra,* p. 297.

It is a well recognized and defined rule that the question of the jurisdiction of the court to act in the premises may be raised at any time. Sometimes it is held that the question not only may be raised but that it should be raised and the latter would seem to be the adopted rule.

Under these circumstances it would seem that the defendant, in the instant case, may not be required to withdraw its special appearance and to enter generally but that, rather, it should be permitted to exercise all of its claimed rights rather than be required to, apparently at least, waive them.

The motion for judgment by default is denied.